UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
NEW YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE, and
JEREMIAH SULLIVAN, JR., in his fiduciary
capacity as Administrator, BRICKLAYERS
LOCAL 1, INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS COMMITTEE,

                        Plaintiffs,

            - against -

BLUE RIDGE CONSTRUCTION CORP.,

            Defendant.

---------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 2875 (BMC)

**COGAN**, District Judge.

Before me is plaintiffs' motion for default judgment. For the reasons set forth below, the

motion is granted.

## BACKGROUND

Plaintiffs, International Union of Bricklayers & Allied Craftworkers Local 1 of New York

("Local 1") and the Bricklayers Local 1 Fringe Benefit Funds ("Funds"[1]), along with the Funds'

administrator, have brought this action against defendant Blue Ridge Construction Corp. ("Blue

Ridge") for relief pursuant to Sections 502(g) and 515 of the Employee Retirement Income Security

---

[1] The Funds include Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension Fund, New York City and Long Island Joint Apprenticeship and Training Fund, and the International Masonry Institute.

Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g) and 1145, and Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, on behalf, and for the benefit, of

the beneficiaries of the funds. Plaintiffs allege that Blue Ridge has failed to make contributions and

remittances to the benefit plans and the labor organization in violation of a collective bargaining

agreement.

Plaintiffs commenced this action by filing a Complaint and Summons on June 7, 2012,

and served Blue Ridge with a copy on July 9, 2012. Plaintiffs filed proof of service with the

Court on July 12, 2012. Blue Ridge has not answered or otherwise appeared in this action, and the

time to do so has expired. On September 6, 2012, the Clerk of the Court entered default against

Blue Ridge pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

### I.     Damages

In light of Blue Ridge's default in this case, all of the well-pleaded allegations in

plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default

judgment is warranted based on a party's failure to defend, the allegations in the complaint with

respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v.

Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a

default judgment, a court may conduct a hearing if it is necessary to "determine the amount of

damages" or to "establish the truth of any allegation by evidence." According to the Second

Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that

there was a basis for the damages specified in the default judgment," such as by relying on

detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace

Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of their motion for default judgment, plaintiffs submitted the affidavits of

Viorel Kuzma, a staff member of the Payroll Compliance Department at Schultheis & Panettieri,

LLP, Certified Public Accountants, and Jeremiah Sullivan, President of Local 1 and a named plaintiff

in this action.[2] These affidavits exhibit a copy of the collective bargaining agreement and audit

reports showing Blue Ridge's unpaid contributions.

I find these submissions to be sufficient evidence to form the basis for an award of

damages against Blue Ridge and in favor of the Funds in an amount of $17,406.07.  This represents

damages for the categories provided in § 1132(g)(2) of ERISA as follows:

> (a) $12,715.47 in unpaid contributions for the months January to March 2011;
> (b) $1,797.51 in interest (plus additional pre-judgment interest accruing from September 9,
> 2012, at a daily rate of $3.48, to be calculated by the Clerk of the Court when
> Judgment is entered);
> (c) $2,543.09 in liquidated damages; and
> (d) $350 in costs.

Additionally, I find these submissions to be sufficient evidence to form the basis for an

award of damages against Blue Ridge and in favor of Local 1, the International Union of

Bricklayers and Allied Craft Workers, and the Bricklayers Labor Management Relations

Committee (the "Union Plaintiffs") in the amount of $1,337.27.  This represents damages under

Section 310(a) of the

LMRA as follows:

> (a) $1,189.11 in unpaid contributions and dues for the months January to March 2011;
> (b) $148.16 in interest (plus additional pre-judgment interest accruing from September 9,
> 2012, at a daily rate of $.29, to be calculated by the Clerk of the Court when
> Judgment is entered).

---

[2] Plaintiffs also submitted the affidavits of Elizabeth Kuriyama and Michael Minnefor, a paralegal and of counsel respectively employed by the law firm of Doar Rieck Kaley & Mack.  Both affidavits attest to the adequacy of service.

## II.    Injunctive Relief

The Union Plaintiffs also asks the Court to order Blue Ridge to submit to an audit of its payroll records, remit any outstanding contributions discovered as a result of that audit and pay any late charges, interest and liquidated damages in connection therewith.

The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that he is entitled to injunctive relief under the applicable statute, and that he meets the prerequisites for the issuance of an injunction. See La Barbera v. Bestech Transport, LLC, No. CV 07-4699, 2011 U.S. Dist. LEXIS 40131, at *14-15 (E.D.N.Y. Mar. 8, 2011); Local 348 Health & Welfare Fund v. Milmar Food Group. LLC, No. CV-05-3459, 2006 U.S. Dist. LEXIS 19756, at *18 (E.D.N.Y. Mar. 24, 2006).  Injunctive relief is available under § 1132 of ERISA, see La Barbera, 2011 U.S. Dist. LEXIS 40131, at *15, and it may also be available under Section 301 of the LMRA, see Mason Tenders Dist. Council of Greater N.Y. v. G & C Constr. Safe. Inc., No. 10 Civ. 3399, 2011 U.S. Dist. LEXIS 20720, at *26-27 (S.D.N.Y. Feb. 8, 2011).

Although plaintiffs have submitted their own calculation of unpaid contributions by defendant, the Court appreciates that the full amount of contributions owed, based on an audit of Blue Ridge's pay roll records, may actually be greater.  Plaintiffs have established that they would suffer irreparable harm if Blue Ridge does not submit to an audit because there is no other mechanism, other than an audit of Blue Ridge's books and records, which can accurately determine the full amount owed by the CBA signatories.  Furthermore, the parties' collective bargaining agreement permits plaintiffs to audit defendant's books and records in connection with the employer's obligation to submit contributions to the Funds.  For these reasons, the Court grants the Union Plaintiffs' request for injunctive relief.

4

## CONCLUSION

The motion for a default judgment is granted. The Court will enter judgment for the monetary and injunctive relief set forth above.

**SO ORDERED.**

s/ BMC
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 21, 2012